UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
U.S.W.U. LOCAL 74 WELFARE FUND,
U.S.W.U. LOCAL 74 SUPPLEMENTAL
BENEFITS FUND and the LOCAL 74 USWU
401K SAVINGS PLAN, by their Trustees
SAL ALLADEEN and DANIEL C. AUSTIN, SR.,

                                                         17 Civ.

          Plaintiffs,

            -against-                              COMPLAINT

ABM INDUSTRIES INCORPORATED,

          Defendant.
------------------------------------------------------------------X

      Plaintiffs, U.S.W.U. LOCAL 74 WELFARE FUND, U.S.W.U. LOCAL 74

SUPPLEMENTAL BENEFITS FUND, and the LOCAL 74 U.S.W.U 401K SAVINGS

PLAN, by their Trustees SAL ALLADEEN and DANIEL C. AUSTIN, SR., by their

attorneys, O'DWYER & BERNSTIEN, LLP, complaining of defendant ABM INDUSTRIES

INCORPORATED, allege the following:

### NATURE OF ACTION

    1.     This is an action arising under the Employee Retirement Income

Security Act of 1974 ("ERISA"); 29 U.S.C. §1001, *et seq.*, and the Labor Management

Relations Act of 1947 ("LMRA"), 29 U.S.C. §152 *et seq.*, to compel defendant to (a) provide

access to its books and records to determine whether all required benefit contributions have

been made, and (b) make benefit fund contributions on behalf of its employees in accordance

with applicable law, trust agreements, and collective bargaining agreements and extensions

thereof.

1

JURISDICTION

2.      Jurisdiction over this action is conferred upon this Court by Sections

502(a)(3), 502(e), and 502(f) of ERISA, 29 U.S.C. Sections 1132 (a)(3), (e), and (f).

VENUE

3.      Venue is proper in this district pursuant to ERISA Section 502(e)(1), 29

U.S.C. §1132(e)(1), in that the Plaintiff benefit plans are administered in this District.

PARTIES

4.      At all times relevant herein, the U.S.W.U. LOCAL 74 WELFARE FUND

(hereinafter "the WELFARE FUND"), was a jointly trusteed employee benefit plan within

the meaning of Sections (3)(1), (2), and (3) of ERISA and §502(d)(1) of ERISA, 29 U.S.C.

§§1002(1), (2), (3) and 1132(d)(1).  Sal Alladeen and Daniel C. Austin, Sr. are Trustees of

the WELFARE FUND and appear in their representative capacities.

5.      At all times relevant herein, the WELFARE FUND had its principal place of

business at 36-36 33rd Street, Long Island City, New York 11106.

6.      At all times relevant herein, the U.S.W.U. LOCAL 74 SUPPLEMENTAL

BENEFITS FUND (hereinafter "the SUPPLEMENTAL BENEFITS FUND"), was a jointly

trusteed employee benefit plan within the meaning of Sections (3)(1), (2), and (3) of ERISA

and §502(d)(1) of ERISA, 29 U.S.C. §§1002(1), (2), (3) and 1132(d)(1).  Sal Alladeen and

Daniel C. Austin are Trustees of the SUPPLEMENTAL BENEFITS FUND and appear in

their representative capacities.

7.      At all times relevant herein, the SUPPLEMENTAL BENEFITS FUND had its

principal place of business at 36-36 33rd Street, Long Island City, New York 11106.

2

8.     At all times relevant herein, the LOCAL 74 USWU 401K SAVINGS PLAN ("the 401K PLAN"), was a jointly trusteed employee benefit plan within the meaning of Sections (3)(1), (2), and (3) of ERISA and §502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1), (2), (3) and 1132(d)(1).  Sal Alladeen and Daniel C. Austin are Trustees of the 401K PLAN and appear in their representative capacities.

9.     At all times relevant herein, the 401K PLAN had its principal place of business at 36-36 33rd Street, Long Island City, New York, 11106.

10.     Upon information and belief, Defendant ABM INDUSTRIES INCORPORATED ("ABM"), was a Delaware corporation authorized to do business in the State of New York with principal executive offices located at One Liberty Plaza, 7th floor, New York, New York 10006.

11.     At all times relevant herein, ABM was an employer in an industry affecting commerce within the meaning of ERISA §§(3)(5), (11), and (12), 29 U.S.C. §§1002 (5), (11), and (12).

12.     At all times relevant herein, ABM was the employer of approximately 100 building service workers employed at the Fashion Institute of Technology ("FIT") who were represented by Local 74, United Service Workers Union, International Union of Journeymen and Allied Trades ("Local 74"), for collective bargaining purposes (said workers referred to herein as "Local 74 bargaining unit workers").

13.     At all times relevant herein, ABM employed seasonal and/or summer workers at FIT who were represented by Local74 for collective bargaining purposes and were part of the Local 74 bargaining unit.

14.     At all times relevant herein, there were in force and effect collective bargaining agreements and extensions thereof by and between Local 74 and ABM, establishing terms and conditions of employment of Local 74 bargaining unit workers, including that ABM was required to make contributions to the plaintiff employees benefit plans and other plans on behalf of covered employees.

15.      At all times relevant herein, there were in force and effect Trust Agreements establishing the Plaintiff benefit plans with which defendant is required to comply.

16.     At all times relevant herein, there were in force and effect delinquent contribution collections policies adopted by the plaintiff benefit plans with which Defendant is required to comply.

17.     At all times relevant herein there were in force and effect Trustee resolutions of the Plaintiff benefit plans with which Defendant was required to comply by virtue of the Trust Agreements of the Plaintiff benefit plans, among other documents, and applicable law.

COUNT I

18.     Plaintiff repeats the allegations of the preceding paragraphs of the complaint as if set forth in full hereat.

19.     At all times relevant herein, in accordance with the collective bargaining and related agreements by and between ABM and Local 74, ABM is required to make contributions to the Plaintiff benefit plans and other plans for every hour paid to Local 74 bargaining unit employees.

20.     At all times relevant herein, in accordance with the collective bargaining and related agreements by and between ABM and Local 74, the rate of contributions that ABM pays as and for fringe benefit contributions for Local 74 bargaining unit employees is tied to

the fringe benefit contribution rates negotiated by and between Local 891, International Union of Operating Engineers and Local 32BJ, the union representing public school building service workers (referred to herein as "the Local 891/Local 32BJ contribution rates").

21.     Historically, the Local 891/Local 32BJ contribution rates are negotiated retrospectively and reach back several years following conclusion of the process by which such rates are negotiated and implemented by the Local 891 and 32BJ.

22.     Historically, and in accordance with the collective bargaining and related agreements by and between ABM and Local 74, the contribution rate differential, if any, (i.e., the difference between the fringe benefit contribution rate paid for a given period of time and the newly negotiated rate for that same time period) is assessed by Plaintiffs with respect to the Local 74 bargaining unit workers *retroactively*, and are known as "retroactive contributions".

23.     Historically and in accordance with the collective bargaining and related agreements and applicable law, interest is assessed on the retroactive contributions from the date of the assessment to and including the date paid.

24.     By letter dated January 4, 2016, auditors acting on behalf of Plaintiffs issued a retroactive contribution assessment to ABM with respect to the 401K PLAN, covering payroll periods from July 1, 2008 through and including April 30, 2015, in the principal sum of $58,993.60.

25.     On or about May 4, 2016, auditors acting on behalf of Plaintiffs issued a retroactive contribution assessment to ABM with respect to the 401K PLAN covering payroll periods from May 1, 2015 through June 30, 2016 in the principal sum of $62,852.62.

26.     The total principal sum of the retroactive contributions assessed to ABM with respect to the 401K Plan was $121,846.22.

27.     ABM paid the principal sum of the retroactive contributions pertaining to the 401K PLAN on or about January 6, 2017.

28.     By letter dated February 16, 2017, auditors acting on behalf of Plaintiffs issued to ABM an assessment of interest owed on the principal sums of the retroactive 401K PLAN contributions (i.e., the aggregate principal sum of $121,846.22) for the period from the date of the assessments (January 4, 2016 and May 4, 2016) to the date paid (on or about January 6, 2017) in the amount of $10,103.69.

29.     Despite due demand therefor, to date Defendant has failed and/or refused to remit to Plaintiff the sum of $10.103.69 as and for the interest owed on the principal sum of the retroactive 401K PLAN contributions.

30.     By letter dated January 4, 2016, Plaintiffs' auditors issued a retroactive contribution assessment to ABM with respect to retroactive WELFARE FUND contributions in the total principal sum of $2,292,595.08, covering the period July 1, 2008 through and including June 30, 2015.

31.     ABM paid the principal sum of the retroactive contributions pertaining to the WELFARE FUND in installments as follows:  $500,000 on or about September 13, 2016; $500,000 on or about November 14, 2016; and $1,817,534.53 on or about January 12, 2017.

32.     By letter dated May 22, 2017, auditors acting on behalf of the Plaintiffs issued to ABM an assessment of interest owed on the principal sum of ABM's retroactive WELFARE FUND contribution (i.e., $2,292,595.08) for the period from the date of the

6

assessment (January 4, 2016) to the dates paid as set forth in ¶31 above in the amount of $241,355.34.

33.    Despite due demand therefor, to date Defendant has failed and/or refused to remit to Plaintiffs the sum of $241,355.34 as and for interest owed on the principal sum of ABM's retroactive WELFARE FUND contribution.

34.    Said May 22, 2017 letter also assessed the principal sum of $34,254.37 as and for retroactive contributions owed by ABM for additional payroll hours discovered through the audit process, together with interest thereon (through that date) in the sum of $4,565.42, for a total amount of $38,819.79 relating to additional payroll hours.

35.    Despite due demand therefor, to date, ABM has failed and/or refused to remit to Plaintiffs the sum of $38,819.79 as and for retroactive contributions for additional payroll hours (plus interest through the date of demand).

36.    ABM's failure to pay interest with respect to the retroactive contributions and retroactive contributions violates the collective bargaining agreement (and extensions thereof), the trust agreements establishing the Plaintiff benefit plans, delinquency collection guidelines, and other rules and regulations adopted by Plaintiffs with which defendant is required to comply.

37.    ABM's failure to pay interest with respect to the retroactive contributions as well as the principal sum of retroactive contributions violates ERISA, including but not limited to Sections 502 and 515, 29 U.S.C. §§1132 and 1145.

38.    By reason of the foregoing ABM is liable to Plaintiffs in the amount of $277,077.57, subject to increase as interest continues to run.

COUNT II

39.     Plaintiffs repeat the allegations of the preceding paragraphs of the complaint as if set forth in full hereat.

40.     In accordance with the collective bargaining and related agreements by and between ABM and Local 74, ABM is required to make fringe benefit contributions to the Plaintiffs for all hours paid to seasonal/summer Local 74 bargaining unit employees.

41.     Commencing in or about June 2017, auditors acting on behalf of the Plaintiffs have attempted to obtain access to Defendant's books and records for the purposes of conducting an audit of ABM's obligation to make full and complete contributions for seasonal/summer workers for the period January 1, 2008 to date.

42.     Despite repeated requests by said auditors and others acting on behalf of the Plaintiffs from that date forward, including a demand letter dated August 2, Defendant has failed and refused to cooperate with Plaintiffs' auditors in conducting said audit.

43.     The failure and/or refusal of Defendant ABM to cooperate with the audit process, including but not limited to making its books and records available to Plaintiffs' auditors, violates, *inter alia*, the collective bargaining agreement (and extensions thereof), the trust agreements establishing the Plaintiff benefit plans, the delinquency collection guidelines and other rules and regulations adopted by Plaintiffs with which Defendant is required to comply, and ERISA, including but not limited to Section 515, 29 U.S.C. §1145.

44.     Upon information and belief, unless ordered by this Court, Defendant will continue to fail and refuse to comply with the audit and will therefore be delinquent in its contributions.

45.     Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury unless Defendant is ordered to specifically comply with the audit and to perform all their required obligations, and is restrained from continuing to refuse to so perform.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

(a)     with respect to Count I:

(i)     awarding judgment to Plaintiffs in the principal sum of $284,861.14, together with interest thereon, and

(ii)     awarding reasonable attorneys' fees, costs and expenses of this action, interest on principal from date due until paid, and liquidated damages of 20% of the principal sums due in accordance with and required by ERISA Section 502(g), 29 U.S.C. §1132(g);

(b) with respect to Count II:

(i)     directing ABM and specified ABM agents, representative and/or employees to cooperate with the WELFARE FUND's auditors by making available such of its books and records as are necessary for a determination as to whether contributions are owed for summer employees for the period January 1, 2008 to date;

(ii)     awarding judgment in the principal amount of fringe benefit fund contributions due and owing in a sum that cannot be determined at the present time;

(iii)     awarding reasonable attorneys' fees, costs and expenses of this action, interest on principal from date due until paid, and liquidated damages of 20% of the principal sums due in accordance with and required by ERISA Section 502(g), 29 U.S.C. §1132(g); and

9

(c)     such other and different relief as the Court deems proper and just.

Dated:  New York, New York
        September 7, 2017

                         Yours, etc.,

                         O'DWYER & BERNSTIEN, LLP

By:          _____
               GARY SILVERMAN (GS9287)
               ZACHARY HARKIN (ZH0620)
               Attorneys for Plaintiffs
               52 Duane Street, 5th Floor
               New York, New York 10007
               (212) 571-7100